**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAYER SCHMUKLER, an individual, on behalf of himself, the general public and all others similarly situated,

Plaintiff - Appellant,

v.

FARMERS GROUP, INC., a Nevada Corporation,

Defendant,

and

FARMERS INSURANCE EXCHANGE, a California reciprocal insurer and exchange of the Farmers Insurance Group of Companies; MID-CENTURY INSURANCE COMPANY, a California Corporation,

Defendants - Appellees.

No. 12-55654

D.C. No. 2:11-cv-09617-SVW-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted January 10, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

**1.** The district court did not err in granting the defendants' motion to compel appraisal. The policy requires appraisal if the insurer and insured "fail to agree on the actual cash value, amount of loss or damage or the cost of repair or replacement." At bottom, Schmukler's objection to the vendor discount is a dispute about the "reasonable cost of repair or replacement." Schmukler contends that Farmers' repair estimate isn't reasonable because of its vendor discount; Farmers contends that it is. The policy is clear that these kinds of disagreements are to be settled by appraisal. *See Cmty. Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.*, 112 Cal. Rptr. 2d 304, 309 (Ct. App. 2001).

We agree with the district court that the dispute in this case is distinguishable from challenges to an insurer's depreciation methodology, which may proceed in court without an appraisal. *See, e.g.*, *Alexander v. Farmers Ins. Co.*, 162 Cal. Rptr. 3d 455, 465–66 (Ct. App. 2013); *Doan v. State Farm Gen. Ins. Co.*, 125 Cal. Rptr. 3d 793, 801–03 (Ct. App. 2011); *Kirkwood v. Cal. State Auto. Ass'n Inter-Ins. Bur.*, 122 Cal. Rptr. 3d 480, 488–89 (Ct. App. 2011). Unlike the depreciation cases, Schmukler's grievance does not center on the interpretation of

the policy or of a statute. Both the policy and California law are silent as to vendor discounts, leaving nothing for a court to decide other than the reasonable cost of repairing Schmukler's property. That is precisely the kind of dispute that the policy commits to appraisal.

**2.** The district court did not abuse its discretion in declining to entertain a declaratory judgment action. A declaratory judgment in this case would only determine the reasonable replacement cost of Schmukler's property, and would not resolve any issue of legal uncertainty. *See McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966).

**AFFIRMED.**